## J. B. CHAPMAN

### v.

## L. A. KNOWLES.

*Forcible Entry and Detainer—Verdict of Not Guilty—Variance between Verdict and Judgment—Costs—Burden of Proof—Instruction.*

Chapman v. Knowles.

1. A verdict in an action of forcible entry and detainer which finds that plaintiff is entitled to possession of the premises therein described, but further finds that defendant is "not guilty," does not warrant a judgment for plaintiff for recovery of the premises and costs.

2. In such action an instruction which throws upon defendant the burden of proving that the entry was with plaintiff's consent is erroneous.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Johnson County; the Hon. ROBT. W. McCARTNEY, Judge, presiding.

Messrs. W. H. BOYER, H. M. RIDENHOWER and CHAPMAN & WHITNEL, for appellant.

The appellee elected to bring the action of forcible entry. Having elected to bring the action of forcible entry and detainer instead of the action of forcible detainer or ejectment, he is bound by the rules of law which pertain to the action of forcible entry and can not avail himself of the rules of law by which an action of forcible detainer or the action of ejectment are governed.

The provisions of the statute under which this action of forcible entry was commenced, read as follows: "The person entitled to the possession of lands or tenements may be restored thereto in the manner hereinafter provided:

"First. When a forcible entry is made thereon." Chapter 57, volume 1, Starr and Curtis' Statutes, page 1175, section 2.

A careful analysis of the foregoing section will show that, "Under this clause of the statute to maintain an action for the forcible entry, three things must concur:

"First. There must be a forcible entry. * * *

"Second. The entry must be upon the actual and exclusive possession of the claimant.

"Third. The possession must be withheld which constitutes the detainer. A mere trespass is not sufficient." Section 905, Moore's Civil Justice, page 843, and cases there cited.

Messrs. VICKERS & GILLESPIE, for appellee.

GREEN, J.   The amended complaint charges that the appellant, J. B. Chapman, unlawfully and forcibly entered, and now unlawfully withholds from L. A. Knowles, the appellee, the possession of "A wedge-shaped piece of land located as follows:   Commencing at the northwest corner of the store building now occupied by J. B. Chapman in Vienna, Johnson County, Illinois, being seventeen feet, six and one-half inches south of a corner-stone resting under the southwest corner of the St. James Hotel in said town; thence south three feet eleven and one-half inches; thence east one hundred and fifteen feet to the northeast corner of J. B. Chapman's ware-room, said ware-room being east and adjacent to the said store room; thence in a westerly direction, parallel with the north side of said J. B. Chapman's ware-room and store-room aforesaid, to the place of beginning."   In the transcript of the record, among the proceedings, the following appears:   " Now, again, on this day, being Saturday, the 6th day of April, A. D. 1889, and one of the days of this term of court, the jury in this case having been out until to-day, returned in open court in the presence of the parties to this suit, the following verdict:   ' We, the jury, find that the plaintiff is entitled to the possession of the following described premises: A wedge-shaped piece of land located as follows, viz.:   Beginning twelve inches south of the northwest corner of J. B. Chapman's store; thence running north to the northwest corner of said store; thence east seventy-two feet along the north side of the north wall of said store-house; thence back westerly to the point of beginning, said land being located in the village of Vienna, Johnson Co., Ills., and as to the premises described in complaint, we find defendant not guilty;' " and after reciting the overruling of defendant's motions for new trial and in arrest of judgment, the judgment is thus set forth :   " Now the court being fully advised of and concerning the premises, on consideration thereof, doth order and adjudge that the plaintiff have and recover of and from the defendant the following described lot, piece or parcel of land, to-wit: (Here follows the description as in the verdict.)   And it is further ordered and adjudged that after the expiration of five days from this date, the

Chapman v. Knowles.

plaintiff may have a writ of restitution directing the sheriff of Johnson county to· restore the plaintiff the possession of said lot, piece or parcel of land last aforesaid.   It is further ordered and adjudged that the defendant pay the costs of this suit, and it is ordered and adjudged that execution may issue therefor."

The verdict and judgment are utterly irreconcilable with each other.   By the verdict the jury found the defendant *not guilty* of the forcible entry and unlawful detention *of the premises described* in the *complaint*, and that the plaintiff is entitled to the possession of certain premises described in verdict, but do not find defendant guilty of forcible entry upon the latter premises.   By the judgment plaintiff recovers of · and from defendant, premises the forcible entry upon which he has not been convicted of, and judgment is rendered against him for costs of the suit, when, by the verdict of the jury, he is found not guilty and should·have recovered a judgment for costs.   It was error also to give the fifth instruction for plaintiff.   It was calculated to mislead the jury, and make them understand that the law cast the burden upon defendant to prove the entry was with the consent of plaintiff.   The doubtful sufficiency of evidence to justify a recovery, and sharp conflict upon material disputed facts, rendered it highly. necessary that the instruction given should have been accurate.

The evidence of the witness Williams, of a conversation with plaintiff which the court refused to admit, we think was relevant, and ought to have been admitted; it tended to prove a material fact in the case.   For the error in giving the fifth instruction for plaintiff, in refusing to admit relevant evidence, and in entering a judgment not warranted by the verdict, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*